**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-60616
Summary Calendar

---

JAKCOB ELBAZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A70-526-532
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Israeli citizen Jakcob Elbaz petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the removal order of the Immigration Judge ("IJ"). Because the BIA summarily affirmed without opinion, the IJ's decision is the final agency determination for our review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003).

Elbaz raises numerous contentions that were not exhausted in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his administrative proceeding. All of Elbaz's contentions involve alleged procedural violations that could have been corrected had they been brought to the BIA's attention. Elbaz was required to exhaust those contentions before seeking our review. *See Anwar v. INS*, 116 F.3d 140, 144 n.4 (5th Cir. 1997). We do not address Elbaz's unexhausted contentions.

Elbaz contends that the notice to appear ("NTA") in his case violated the Due Process Clause because it did not indicate in what year it was issued. One of the copies of the NTA in the record indicates the year in which it was issued, while the other does not. Even if it is assumed that the copy of the NTA sent to Elbaz was stamped July 15 with no year indicated, Elbaz's contention that the NTA violated due process is unavailing. Elbaz has failed to show that he was prejudiced by any omission. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Elbaz contends that he had a valid entry document because he was given documents allowing for advance parole. The charges against Elbaz alleged that he lacked any valid entry document. Because he was on parole, Elbaz was legally considered to have been detained at the border and not to have entered the country, though he was physically present in the United States. *See Gisbert v. U.S. Attorney Gen.*, 988 F.2d 1437, 1440 (5th Cir.), *amended in part*, 997 F.2d 1122 (5th Cir. 1993). Pursuant to the relevant immigration regulations, the service of the documents charging the

2

grounds for Elbaz's removal terminated Elbaz's parole automatically. 8 C.F.R. § 212.5(e)(2)(i). The advance parole documents, which legally did not serve to effect entry to begin with, ceased to be valid for any purpose once the charging documents were served.

Elbaz argues, for the first time in his reply brief, that his right to equal protection of the law was violated because he was treated as an arriving alien. Because the argument is raised for the first time in Elbaz's reply brief, this court need not consider it. *See Unida v. Levi Strauss & Co.*, 986 F.3d 970, 976 n.4 (5th Cir. 1993).

PETITION DENIED.