United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60417
Summary Calendar
_____

EMMA PAULINA QUINONES-PEREZ;
RUSBEH BANIHASHEMI; GUIV BANIHASHEMI,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of Orders of the
Board of Immigration Appeals
BIA Nos. A74-856-072
A74-856-073
A74-856-074
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The petitioners appeal from the Board of Immigration
Appeals's (BIA) denial of their applications for asylum and
withholding of removal.  Petitioners Rusbeh Banihashemi and Guiv
Banihashemi had applied for asylum and withholding of removal as
riders on the application of their mother, Emma Paulina Quinones-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Perez (Quinones). Quinones sought asylum based upon spousal persecution.

Quinones argues that the immigration judge (IJ) erred in denying her application based upon an adverse credibility finding. This court generally reviews only BIA decisions; however, because the BIA adopted the IJ's credibility finding, this court reviews the IJ's finding. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The factual conclusions are reviewed for substantial evidence. Id. at 903. The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Great deference is afforded to an IJ's decision regarding credibility. Efe, 293 F.3d at 903.

The record contains testimony from Quinones's son and sister that discredits Quinones's assertions of spousal abuse. The information contained in Quinones's application for asylum and psycho-social summary is also inconsistent with Quinones's testimony at the asylum hearing. From the numerous discrepancies in Quinones's testimony and documentary evidence, the IJ's decision to deny Quinones's application based upon an adverse credibility finding was substantially reasonable. See Carbajal-Gonzalez, 78 F.3d at 197.

For the first time in her petition for review, Quinones argues that she received ineffective assistance of counsel and

that she is entitled to relief under the Convention Against Torture pursuant 8 C.F.R. § 208.16.  Because these claims were not presented before the BIA, this court lacks jurisdiction to review them.  See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Quinones also argues that she was denied a full and fair hearing because the IJ precluded her from cross-examining a witness about Form I-213, "Record of Deportable Alien," which Quinones asserts contained impermissible hearsay.  Quinones argues that Form I-213, as well as Form G-170, "Alien Smuggler Data Import Sheet," were not properly authenticated.  Quinones concludes that the admission of unreliable evidence violated her due process rights.

"The rules of evidence, including those that exclude hearsay, do not govern deportation proceedings."  Olabanji v. INS, 973 F.2d 1232, 1234 (5th Cir. 1992).  Nevertheless, "immigration judges must conduct deportation hearings in accord with due process standards of fundamental fairness."  Id.  This court reviews due process claims de novo.  Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir. 1993).  "Due process challenges to deportation proceedings require an initial showing of substantial prejudice."  Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Although Quinones raised her objections only to Form I-213 before the BIA, she cannot establish the requisite showing of a denial of due process as to either admitted document.  While the

IJ considered the inconsistencies in these documents, the IJ's adverse credibility finding turned upon Quinones's testimony at the asylum hearing.  Morever, Quinones cannot establish substantial prejudice because she has not objected to the IJ's finding of inconsistency within her own submitted documentary evidence.  See Anwar, 116 F.3d at 144.  Accordingly, the petition for review is DENIED.