United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60219
Summary Calendar

_____

ESWIN ESTUARDO PINEDA-BARIENTOS,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 791 786
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eswin Estuardo Pineda-Barientos petitions for review of the
opinion issued by the Board of Immigration Appeals ("BIA") that
affirmed without opinion the decision of the Immigration Judge
("IJ").  The IJ denied Pineda-Barientos' applications for asylum,
withholding of deportation, and protection under the Convention
Against Torture ("CAT").

Pineda-Barientos contends that he made a prima facie showing
of eligibility for asylum.  He asserts that the IJ violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

right to due process by excluding the testimony of his expert witness and his father. He argues that the BIA improperly used the summary affirmance procedure and did not independently state a correct ground for affirmance or determine that the IJ's errors were "harmless or nonmaterial."

We review the IJ's decision in this case. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). We review legal conclusions de novo and findings for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Pineda-Barientos did not establish a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992). His fear of persecution arose from a personal dispute and did not provide sufficient grounds for a grant of asylum. See Adebisi, 952 F.2d at 913. Pineda-Barientos did not make the showing required to establish eligibility for asylum, and thus, he has not met the more stringent standard necessary to establish eligibility for withholding of deportation. See id. Because Pineda-Barientos did not establish that he would likely be tortured if returned to Guatemala, he has not shown eligibility for relief under the CAT. See Bah v. Ashcroft, 341 F.3d 348, 351-52 (5th Cir. 2003).

We review Pineda-Barientos' due process claims de novo. Alwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Pineda-Barientos has not shown that the exclusion of testimony from his

expert and his father resulted in substantial prejudice.  <u>See</u> <u>id.</u>
He has not shown why the testimony was necessary, nor has he
explained how exclusion of the testimony caused him harm.

The BIA's use of the summary affirmance procedure did not
deprive this court of a basis for judicial review and did not
violate due process.  <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 832-33
(5th Cir. 2003).  The inclusion of further explanation or
reasoning by a Board Member in a summary affirmance is explicitly
prohibited by regulation.  8 C.F.R. § 1003.1(a)(7)(ii) & (iii)
(2003).

Pineda-Barientos' petition for review is DENIED.