**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60742

JAWAID ANWAR,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Appeal from the Board of Immigration Appeals

June 16, 1997

Before JOLLY, JONES, and PARKER, Circuit Judges.

PARKER, Circuit Judge:

The panel withdraws the opinion issued in this case dated March 13, 1997, 107 F.3d 339, and substitutes the following opinion.

Jawaid Anwar ("Anwar"), a citizen of Pakistan, petitions this court for review of his due process contention that the Board of Immigration Appeals ("BIA") denied him due process in not granting him an extension of time to file a brief before it affirmed the decision of the Immigration Judge ("IJ") denying Anwar asylum and withholding of deportation. For the reasons given below, we grant

the petition and affirm the BIA.

## FACTS AND PROCEEDINGS BELOW

Anwar, a 45-year-old citizen of Pakistan, entered the United States on January 6, 1983 as a nonimmigrant visitor with authorization to remain for six months. In an Order to Show Cause dated April 19, 1993, the Immigration and Naturalization Service ("INS") charged Anwar with deportability under section 241(a)(1)(B) of the Immigration and Naturalization Act ("INA" or "the Act"), 8 U.S.C. § 1251(a)(1)(B), for remaining in the United States for a time longer than permitted, and also under section 241(a)(2)(A)(ii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(ii), for convictions after entry of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.

After a deportation hearing, the IJ found Anwar deportable as charged. The INS had submitted records from the State of Virginia showing the following convictions: (1) sexual battery (1985) (one-year sentence with six months suspended); and (2) credit card theft and fraudulent use of a credit card (1992) (five-year suspended sentence).

Anwar applied for asylum and withholding of deportation under section 243(h) of the Act, 8 U.S.C. § 1253(h), and section 208(a) of the Act, 8 U.S.C. § 1158(a). On July 17, 1995, the IJ denied Anwar's application for asylum and also found that he was ineligible for the mandatory exercise of § 243(h)'s withholding of deportation. The IJ found that Anwar's sexual battery conviction was for a "particularly serious crime" and that Anwar was "a danger

2

to the community," making him ineligible under the Act for § 243(h)'s withholding of deportation.

Regarding Anwar's asylum application, the IJ found that Anwar did not establish himself as a "refugee" under 8 U.S.C. § 1101(a)(42)(A) as required to warrant consideration for a discretionary grant of asylum under § 208 of the Act, 8 U.S.C. § 1158(a). Anwar testified that while in Pakistan, people from different ethnic groups had abused him verbally and physically because of his Christian religion and political views. Anwar also testified that he did not convert to Christianity until after his entry into the United States. Anwar attested to his suspicions concerning the deaths of family members who were members of the Mohajir Quami Movement ("MQM"), a Pakistani political party. He himself is not a member of MQM. He also testified that he had never been detained, interrogated, convicted or sentenced to jail while in Pakistan. In his decision, the IJ referenced the State Department's "country report" on Pakistan which stated that MQM is a legal political party in Pakistan that has won 27 out of a total of 99 seats in the providential assembly.

Anwar appealed the IJ's decision *pro se* to the BIA. He was given until August 23, 1995 to submit a brief in support of his appeal to the BIA. On August 8, 1995, the INS sent Anwar a copy of the hearing transcript. On August 24, 1995, Anwar filed a "Motion to Request Extension of Time to File Appeal Brief," pursuant to 8 C.F.R §§ 3.3(c) and 242.8, seeking an extension of time until September 25, 1995 on the basis that he had retained counsel and

3

his attorney now required preparation time. On August 24, 1995, an IJ denied Anwar an extension of time to file a brief with the BIA, noting that, "The motion for an extension of time was received after [the brief] was due."

On September 13, 1995, the BIA affirmed the IJ's decision for the reasons set forth by the IJ. Anwar now appeals to this court on due process grounds the BIA's denial of an extension of time to file his brief, having filed a timely notice of appeal in December of 1995.

## DISCUSSION

### A. Jurisdiction

The issue presented initially is whether we have jurisdiction of this appeal. During the pendency of Anwar's appeal to this court, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (April 24, 1996), was enacted. It amended our jurisdiction over final orders of the BIA so as to preclude our review of certain matters. *See Mendez-Rosas v. INS*, 87 F.3d 672 (5th Cir. 1996), *cert. denied*, -- U.S. --, 117 S. Ct. 694, -- L. Ed. 2d -- (1997). After the AEDPA's enactment, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), amended by Pub. L. No. 104-302, 110 Stat. 3656 (Oct. 11, 1996), which further amended the source of our jurisdiction. IIRIRA § 309(c) contains special "transition for aliens in proceedings" provisions that, absent certain listed exceptions that do not apply in this case, *see* IIRIRA § 309(c)(2)-(4), provide a

4

"general rule that [the] new rules do not apply," *see* IIRIRA § 309(c)(1), to aliens in deportation proceedings prior to April 1, 1997. Subject to the listed exceptions, "in the case of an alien who is in exclusion or deportation proceedings before the title III-A effective date [180 days after the IIRIRA's enactment, or April 1, 1997]," "the amendments made by this subtitle shall not apply, and [] the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments." IIRIRA § 309(c)(1) (as amended by Pub. L. No. 104-302, 110 Stat. 3656, § 2(2) (Oct. 11, 1996)); *see also, e.g., Ibrik v. INS*, 108 F.3d 596 (5th Cir. 1997) (applying IIRIRA § 309 transitional provision regarding period of time in which appeal must be filed).

Among the amendments in "this subtitle" is IIRIRA § 306(d) which amended AEDPA § 440(a) to make the language of the AEDPA's judicial review provision mirror the AEDPA's provision restricting eligibility for waiver of inadmissability under INA § 212(c). Because the transition provision, IIRIRA § 309(c)(1), provides that the subtitle's amendments are generally not effective for aliens who were in exclusion or deportation proceedings prior to April 1, 1997, there is a group of aliens to which IIRIRA § 306(d)'s amendment to AEDPA § 440(a)'s judicial review provision does not apply. Anwar was in deportation proceedings far in advance of April 1, 1997 and is thus one such alien.[1]

---

[1] Anwar's final order of deportation was not entered more than 30 days after the IIRIRA's enactment and so IIRIRA § 309(c)(4) does not apply to his case. *See* IIRIRA § 309(c)(4). None of the other listed exceptions to the general transition rule are applicable either. *See* IIRIRA § 309(c)(2)-(3).

5

AEDPA § 440(a) as unamended by IIRIRA § 306(d) does not eliminate our jurisdiction over this case.[2] Unamended AEDPA § 440(a) is, in pertinent part, as follows.

> Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense...covered by section **241(a)(2)(A)(ii)** for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

AEDPA § 440(a) (emphasis added). Section 241(a)(2)(A)(ii) of the INA is the section under which Anwar was found deportable. According to the plain language of the AEDPA, judicial review is precluded over such deportation orders only when both of the moral turpitude offenses that serve as the basis for deportation are covered by section 241(a)(2)(A)(i) of the INA, a section addressing

---

[2]     We recognize the apparent inconsistency of this revised opinion with our opinion in *Pichardo v. INS*, 104 F.3d 756 (5th Cir. 1997). The parties in *Pichardo* did not assert that IIRIRA § 309 was applicable to the controversy and therefore the transitional provisions of that section of the IIRIRA were not considered by the court. The only resulting difference in *Pichardo* and *Anwar* is the phrase "without regard to the date of their commission" that was added by IIRIRA § 306(d) to AEDPA § 440(a).

It is unnecessary to revisit *Pichardo*, but as the same panel that heard *Pichardo*, we note that Pichardo would have met the same fate regardless of our jurisdiction discussion in that case. While without the phrase added by IIRIRA § 306(d), we could have considered the merits of Pichardo's appeal because Pichardo lacked two offenses in the qualifying time frame laid out in AEDPA § 440(a)'s amendment of our jurisdiction (in other words, as unamended by IIRIRA § 306(d)), as the same panel, we note that Pichardo's claims were meritless. He claimed reversible error in the BIA's lack of an explicit finding regarding rehabilitation, one of the relevant § 212(c) factors, yet the BIA was only required to demonstrate that it had considered all relevant § 212(c) factors, *see Ghassan v. INS*, 972 F.2d 631, 636 (5th Cir. 1992); *Vergara-Molina v. INS*, 956 F.2d 682, 685 (7th Cir. 1992), and the BIA referenced the very absence of Pichardo's rehabilitation in its opinion. Pichardo also contended that the BIA improperly denied Pichardo a § 212(h) waiver of inadmissability by mentioning Pichardo's convictions in the context of its "extreme hardship" analysis. The BIA made its "extreme hardship" determination on the basis that Pichardo failed to demonstrate that his deportation would cause "extreme hardship" to his family, and thus was properly within its discretion to find Pichardo ineligible for a favorable exercise of its § 212(h) discretion.

the convictions' time frames and lengths of sentences.  AEDPA §

440(a), 8 U.S.C. § 1105(a)(10) (1996).  The AEDPA also amended that

section of the INA, but expressly provided that the amendment

applies only to aliens against whom deportation proceedings are

initiated after the date of the AEDPA's  enactment.   AEDPA §

435(b).  Because the AEDPA was enacted in April 1996 and Anwar's

Order to Show Cause was issued in 1993, the unamended version of

section 241(a)(2)(A)(i) is to be followed.  Because both of Anwar's

convictions supporting his deportation do not satisfy section

241(a)(2)(A)(i) of the INA, as unamended,[3] our review of Anwar's

appeal is not precluded by the AEDPA's amendments to our

jurisdiction over BIA deportation orders.  Having determined that

our jurisdiction over this order has not been withdrawn, we proceed

---

[3]      Section 241(a)(2)(A)(i), as unamended, reads as follows.

an alien who--

> (I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(i)of this title) after the date of entry, **and**
> (II) either is sentenced to confinement or is confined therefor in a prison or correctional institution for one year or longer,

is deportable.

8 U.S.C. § 1251(a)(2)(A)(i) (unamended) (emphasis added).  Because Anwar was not a lawful permanent resident, the five-year period of time applies. Anwar's crimes of moral turpitude supporting his deportation must have been committed within the period of time 1983-1988 in order to satisfy the first condition of § 1251(a)(2)(A)(i)(I). *See Medeiros v. INS*, 98 F.3d 1333, 1996 WL 614798 at *1 n.2 (1st Cir. 1996).  In addition, the sentences or confinements must have been for one year or longer to satisfy the second condition in §  1251(a)(2)(A)(i)(II). Only the sexual battery conviction falls into the qualifying five-year time frame.  Since at least two convictions involving moral turpitude must fall into the five-year time frame to meet the conditions of 8 U.S.C. § 1251(a)(2)(A)(i), we need inquire no further.

7

to the merits of this appeal.  *See* 8 U.S.C. § 1105a(a); *Opie v. INS*, 66 F.3d 737, 739 (5th Cir. 1995).

## B.  Due Process Claim

Anwar does not challenge the finding of deportability, nor does he challenge the IJ's denial of asylum and withholding of deportation.  His contention is that he was denied due process because, pursuant to regulations regarding deadlines for filing of briefs, the BIA did not give him an extension of time to file a brief appealing the decision of the IJ.

We review due process challenges on a *de novo* basis. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).  It is clearly established that the Fifth Amendment of the United States Constitution entitles aliens to due process of law in deportation proceedings.  *Animashaun v. INS*, 990 F.2d 234, 238 (5th Cir. 1993) (citing *Reno v. Flores*, 507 U.S. 292, 113 S. Ct. 1439, 1449, 123 L. Ed. 2d 1 (1993)).  Due process challenges to deportation proceedings require an initial showing of substantial prejudice.[4] *Howard v. INS*, 930 F.2d 432, 436 (5th Cir. 1991); *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

In order for Anwar to show that the BIA's not extending the

---

[4]     We note that because Anwar does not assert procedural error correctable by the BIA, but rather, in essence, a challenge to the regulations regarding the submission of briefs, his claim is not subject to an exhaustion requirement. *See* 8 U.S.C. § 1105a(c); *Koroma v. INS*, 83 F.3d 427, 1996 WL 207142, at *2 (9th Cir. 1996) (due process claims generally exempt from exhaustion doctrine because not within purview of BIA, except for procedural errors which are within BIA's jurisdiction); *Rashtabadi v. INS*, 23 F.3d 1562 (9th Cir. 1994) (same); *see also Ogbemudia v. INS*, 988 F.2d 595 (5th Cir. 1993) (not subjecting alien's due process claim to exhaustion requirement).

deadline for the filing of his brief caused him substantial prejudice, Anwar must make a prima facie showing that he was eligible for asylum and that he could have made a strong showing in support of his application. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994); *Figeroa v. United States INS*, 886 F.2d 76, 79 (4th Cir. 1989). Anwar's contention must be denied because he has not shown the requisite prejudice.

The IJ reasoned that Anwar's sexual battery conviction constituted a "particularly serious crime" which serves as a bar to mandatory withholding of deportation. *See* 8 U.S.C. § 1253(h). Anwar has not offered any support that he suffered actual prejudice in relation to his application. He made no attempt to demonstrate that an extension of time to file his brief with the BIA would have allowed him to demonstrate that his sexual battery conviction was not a "particularly serious crime" barring relief under § 243(h). He also failed to present a prima facie case for withholding of deportation under § 243(h), as required to demonstrate prejudice. *See Miranda-Lores*, 17 F.3d at 85; *Figeroa*, 886 F.2d at 79.

In order to be considered for a discretionary grant of asylum under § 208(a) of the Act, an alien must qualify as a "refugee" under 8 U.S.C. § 1101(a)(42)(A). *See* 8 U.S.C. § 1158(a). A refugee is defined as an alien who is unwilling or unable to return to his country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42)(A). As Anwar clearly failed

9

to present a prima facie case that he is a refugee, *see Guevara Flores v. INS*, 786 F.2d 1242 (5th Cir. 1986) (reviewing requirements for asylum), he suffered no prejudice by the BIA declining to extend his deadline for the filing of his brief. *See Miranda-Lores*, 17 F.3d at 85; *Figeroa*, 886 F.2d at 79.

## CONCLUSION

For the foregoing reasons, the petition is GRANTED and the BIA order is AFFIRMED.