IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10550
Summary Calendar

_____

TAIWO JIMI ADEOYE,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2445-H
--------------------
February 16, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Taiwo Jimi Adeoye, a Nigerian citizen and a detainee of the Immigration and Naturalization Service ("INS"), appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of subject-matter jurisdiction.  Adeoye's § 2241 petition sought review of his deportation order and requested that he be released on bond from INS custody pending the resolution of his deportation proceedings.

     Adeoye's motion for permission to file a late opposition to the Government's motion to dismiss the appeal as moot is GRANTED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

During the pendency of this appeal, the INS' Board of Immigration Appeals ("BIA") granted Adeoye's motion to reopen his deportation proceedings, rescinded Adeoye's deportation order, and remanded the case to the INS' Immigration Court for further consideration. Thus, to the extent that Adeoye's § 2241 petition was seeking review of his deportation order, Adeoye's appeal is moot and this court is without jurisdiction to entertain it. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395-96 (1980).

Adeoye's appeal is not moot, however, to the extent that his § 2241 petition sought review of his custody status. Because Adeoye's deportation proceedings commenced prior to the April 1, 1997, effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), this case is governed by pre-IIRIRA law. See IIRIRA § 309(c)(1); Anwar v. INS, 116 F.3d 140, 142-43 (5th Cir. 1997). Under former 8 U.S.C. § 1252(a)(1) (West 1996), a district court has habeas corpus jurisdiction to review a custody determination pending a final decision of deportability only "upon a conclusive showing . . . that the [INS] is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances" of the deportation case. See Agbosasa v. Caplinger, No. 92-5180, slip op. at 2-3 (5th Cir. May 5, 1993) (unpublished). Because Adeoye has not conclusively shown that the INS has acted in an unreasonably dilatory manner in handling his deportation proceedings, the district court lacked, and this court lacks,

jurisdiction to review Adeoye's custody status.  <u>See</u> 8 U.S.C. § 1252(a)(1) (West 1996).

In light of the foregoing, the Government's motion to dismiss the appeal as moot is GRANTED IN PART, and Adeoye's appeal is DISMISSED FOR LACK OF JURISDICTION.