**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-60472
_____

VICTOR PACHECO-SEGURA,

Petitioner,

VERSUS

JOHN ASHCROFT, United States Attorney General,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A73 091 421)
_____

August 13, 2001

Before DAVIS and JONES, Circuit Judges, and PRADO*, District Judge.

PER CURIAM:**

Pacheco-Segura petitions for review from a final order of removal issued by the Board of Immigration Appeals ("Board"). For the reasons that follow, we affirm the judgment of the Board.

I.

Petitioner Pacheco-Segura is a native and citizen of Mexico who entered the United States without inspection in 1990. Mr. Pacheco's application for adjustment of status to that of a lawful

_____

*District Judge of the District Court for the Western District of Texas, sitting by designation.

**Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

permanent resident was granted in 1995. Before that adjustment of status, in 1993, Petitioner was convicted of assault in the fourth degree for striking his step-son in the face with a soda can from which Mr. Pacheco had been sniffing paint. Six years later, in 1999, Petitioner was again convicted of a criminal offense for violation of a protective order placed on him by his wife.

In late 1999, the INS served Petitioner with a notice to appear charging that Petitioner was removable under INA Sections 237(a)(2)(A)(i), 237(a)(2)(A)(ii), 237(a)(2)(E)(i), and 237(a)(2)(E)(ii) for the criminal offenses described above. Pacheco appeared before an immigration judge on January 18, 2000. He elected to proceed *pro se* at that and subsequent hearings, as he does today. The immigration judge questioned Petitioner about the two convictions alleged in the notice to appear. Although Mr. Pacheco admitted the occurrence of the incident giving rise to the assault charges, he denied the allegation in the notice to appear that he was convicted of the violation of an emergency protective order on November 22, 1999. In light of Petitioner's denial of this allegation, the immigration judge adjourned the hearing and set the case for a merits hearing.

A merits hearing was held on February 1, 2000. That day, the INS amended the allegations of the notice to appear and served the amended document on Mr. Pacheco. The amendment reflected a date of June 24, 1999 for Petitioner's conviction for the violation of an emergency protective order. The immigration judge again questioned Mr. Pacheco about both of the alleged offenses, and this time,

2

Pacheco admitted the allegations.  Although Petitioner did not ask to be relieved from removal, the immigration judge questioned the INS as to the availability of any relief for which Mr. Pacheco was eligible.  The INS responded that it was not aware of any such relief, and the immigration judge therefore ordered Petitioner to "be removed from the United States to Mexico on the charges contained in the [notice to appear] as amended."  A.R. 21-22.

At the conclusion of this hearing, the immigration judge asked Mr. Pacheco if he wished to accept the decision or reserve appeal.  After the judge explained what this question meant, Petitioner indicated that he wished to appeal.  The immigration judge announced that he was giving a copy of the decision to the parties, and adjourned the hearing.  However, after adjourning the hearing, the immigration judge went back on record, and the following colloquy occurred:

> Immigration judge: Mr. Pacheco, you told me off the record that you no longer wish to appeal.  Is that correct?
>
> Mr. Pacheco: Yes, sir.  That's correct.
>
> Immigration judge: You wish -- you wish to accept the decision of the Court?
>
> Mr. Pacheco: Yes.
>
> Immigration judge: Very well.  The decision of the Court is final.  I shall now give copies of my decision to the parties and...this hearing today is adjourned.

A.R. 17

Petitioner then appealed to the Board of Immigration Appeals,

stating in his notice to appeal[1] that "since he had moral terpitude [he] was clearly eligible for cancel[l]ation of removal, withholding of removal and to[rture] convention Article 3." He asserted that the immigration judge "never offered [him] any relief that [he] was eligible for."

Citing the summary of the immigration judge's oral decision, and the lines of the Certified Administrative Record quoted above in which Petitioner apparently waived his right to appeal, the Board concluded that Mr. Pacheco waived appeal. As such, the Board held that it lacked jurisdiction over the appeal because, upon waiver, the immigration judge's decision became administratively final. Accordingly, the Board dismissed Petitioner's appeal.

In July of 2000, Pacheco filed a "Motion for an Emergency Stay of Deportation" with this court, alleging that his due process rights were violated by the Board's summary dismissal of his case. In support of his claim, Petitioner attached a summary of the immigration judge's oral decision. The bottom of that document contains the following type-written language: "Appeal: Waived/Reserved Appeal Due By: March 2, 2000." On the form Mr. Pacheco submitted to this court, the word "Reserved" was circled. Appellate counsel for the INS requested a copy of this summary from the INS, and also received a form with only the word "Reserved" circled. Respondent therefore filed a motion stating that it did

_____

[1]Although Petitioner indicated in his notice to appeal that he would file a motion detailing his arguments, he failed to submit a brief or any other document to the Board.

4

not oppose Petitioner's motion for stay of removal, but also asked for a thirty-day extension of time to request and file with the court a copy of the summary contained in the Certified Administrative Record. We granted both the stay and the extension of time. Counsel for the INS then received and filed with us the summary of the immigration judge's oral decision contained in the summary contained in the Certified Administrative Record. Unlike the summary described above (presented by Mr. Pacheco), in the Certified Administrative Record, the words "Waived" and "Reserved" are both circled, but a squiggly line is placed through the word "Reserved."[2] The INS therefore argues that we should reject Petitioner's appeal.

## II.

We need not determine whether Petitioner actually reserved his right to appeal. Assuming without deciding that the Board erred in summarily dismissing Pacheco's due process claim, he cannot prevail. The party raising a due process claim has the burden to make "an initial showing of substantial prejudice." Anwar v. INS, 116 F.3d 140, 143 (5th Cir. 1997). To show substantial prejudice, the party must establish "a prima facie showing that he was eligible for [relief from removal] and that he could have made a

---

[2]The obvious conclusion that the form submitted by Mr. Pacheco was prepared before the subsequent dialogue in which Mr. Pacheco waived his right to appeal is weakened somewhat by the fact that the immigration judge also issued a written "Decision and Order" which indicated that Petitioner reserved his right to appeal. That order is dated February 1, 2000, though it is unclear at what point in the day it was prepared.

strong showing in support of his" eligibility had the Board not summarily dismissed his case. <u>Id.</u> Mr. Pacheco does not challenge his removal, but only makes due process arguments based on the Board's summary dismissal of his claim. Petitioner does not attempt to explain how he is eligible for relief from removal, nor has he made an attempt to demonstrate that had his case not been summarily dismissed, he would have demonstrated that the immigration judge erred in finding him removable. Because Petitioner fails to satisfy his burden under <u>Anwar</u> to show substantial prejudice, his appeal cannot succeed.

III.

For the foregoing reasons, the judgment of the Board of Immigration Appeals is AFFIRMED.