United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60592
Summary Calendar
_____

MIRZA A. BAIG,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-450-368
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Petitioner Mirza Baig has filed a petition for review of a
final order of the Board of Immigration Appeals ("BIA") denying
his motion to reopen his deportation  proceeding.  We review for
abuse of discretion the BIA's denial of a motion to reopen.
See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

     Baig remained in the United States beyond his voluntary
departure date.  As a result, the BIA determined that he was
statutorily ineligible for an adjustment of status and denied his
motion to reopen.  Baig argues that the BIA abused its discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because, after the conclusion of his deportation hearing, he became eligible for an adjustment of status due to his labor certification under the Legal Immigration Family Equity Act (LIFE Act) Amendments.[**]

Because Baig's deportation proceedings commenced prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), the governing statutory provisions are found in the now-repealed Section 242B(e)(2)(A) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252b,[***] which provides in pertinent part:

> Any alien allowed to depart voluntarily under 244(e)(1) or who has agreed to depart voluntarily at his own expense under Section 242(b)(1) who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure or the date of unlawful reenter, respectively.

INA § 242B(e)(2)(A), 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996). The relief that is unavailable due to a failure to voluntarily depart includes adjustments of status. Id. § 242B(5)(C), 8 U.S.C. § 1252b(5)(C)(repealed 1996). For purposes of the voluntary departure provisions, "[t]he term 'exceptional

---

[**] The LIFE Act located at Pub. L. No. 106-553, and the LIFE Act Amendments of 2000 at Pub. L. No. 106-554.

[***] The IIRIRA repealed 8 U.S.C. § 1252b and replaced it with a new removal proceeding provision codified at 8 U.S.C. § 1229a. However, the provisions of 8 U.S.C. § 1252b apply to this matter because Baig's deportation proceedings commenced prior to the April 1, 1997, effective date of the IIRIRA. See Romani v. INS, 146 F.3d 737, 738 n.1 (9th Cir. 1998).

circumstances' refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." Id. § 242B(f)(2), 8 U.S.C. § 1252b(f)(2)(repealed 1996). Subsequent statutory changes creating eligibility for adjustment of status are not one of the enumerated "exceptional circumstances." See Shaar v. INS, 141 F.3d 953, 957 (9th Cir. 1998). Accordingly, the BIA did not abuse its discretion in denying Baig's motion to reopen his deportation proceedings. See Lara, 216 F.3d at 496.

Baig further argues that his due process rights were violated when the BIA denied his motion to reopen deportation proceedings prior to the Immigration and Naturalization Service (INS),[****] responding to his request for an extension of voluntary departure. We review due process challenges in immigration proceedings de novo. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Baig's argument is not supported by the record as he did receive notice of the INS's denial of his extension request prior to filing his motion to reopen. Moreover, Baig has no fundamental right to be present in the United States. See Shaar, 141 F.3d at 958 (citing Harisiades v. Shaughnessy, 342 U.S. 580, 586-87 (1952)).

---

[****] The enforcement functions of the INS have since been transferred to the Department of Homeland Security. 6 U.S.C. § 251.

PETITION DENIED.