United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60129
cons. w/ No. 03-60512
and No. 03-60810
Summary Calendar

_____

SALVADOR RUBIO ESCOBEDO-ESPERANZA,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 209 035
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Salvador Rubio Escobedo-Esperanza, a native and citizen of
Mexico, petitions for review of the decision of the Board of
Immigration Appeals (BIA) summarily affirming the removal order
of the Immigration Judge (IJ).  Because the BIA summarily
affirmed without opinion, the IJ's decision is the final agency
determination for our review.  See Soadjede v. Ashcroft, 324 F.3d
830, 832 (5th Cir. 2003).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Escobedo-Esperanza argues that the IJ violated his rights to due process by not granting him a continuance and by accepting counsel's proffer rather than hearing Escobedo-Esperanza's testimony. Both of these contentions fail because Escobedo-Esperanza has not shown any error, much less any substantial prejudice to his case. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Escobedo-Esperanza argues that the BIA erred in affirming the IJ's decision without written opinion. The summary review procedures under 8 C.F.R. § 1003.1(e)(4) are essentially the same as those approved by this court in Soadjede, 324 F.3d at 831. In light of this precedent and Escobedo-Esperanza's failure to show that his case did not meet the criteria for affirmance without opinion or that his case was not properly reviewed, his argument is without merit.

Escobedo-Esperanza filed petitions for review with respect to the BIA's denial of his motions to reopen and for reconsideration. As noted by the respondent, Escobedo-Esperanza does not mention these motions in his brief and has abandoned any issues with respect to their denial. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Escobedo-Esperanza's three petitions for review of the BIA's final orders of removal are DENIED.

PETITIONS DENIED.