United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60170
Summary Calendar

_____

JESUS A. NIETO-NIETO; GLORIA ISABEL
ACEVEDO DE NIETO; JONATHAN NIETO,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28-341-748
BIA No. A95-906-366

--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

    Jesus Nieto-Nieto (Nieto), a native and citizen of Columbia,

petitions this court for review of the Board of Immigration

Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial

of his applications for asylum and withholding of removal and

protection under the Convention Against Torture (CAT).  Gloria

de Nieto (Nieto's wife), and Jonathon Nieto (Nieto's son), have

--------------------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applied as riders on Nieto's applications. Nieto argues that the evidence was sufficient to support a finding of past persecution by guerrilla forces based on his political opinion.

When, as in this case, the BIA adopts and affirms the IJ's decision, this court reviews the IJ's decision. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997). The record reflects that Nieto was persecuted for his failure to provide monetary and other assistance to Columbian guerrillas rather than for any personal political view. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992). The IJ's determination that Nieto had not shown that he was persecuted on political grounds is supported by substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002).

Although Nieto identified the IJ's denial of his CAT claim, he fails to address this issue in the body of his brief. Accordingly, the CAT claim is deemed abandoned. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986) (issues not briefed are waived).

Nieto also argues that the IJ violated his due process rights by curtailing his testimony at the asylum hearing. The record reflects that the IJ was instructing counsel to ask Nieto specific questions. Nieto fails to explain what specific testimony the IJ precluded him from presenting. Nieto therefore has not made an initial showing of substantial prejudice with respect to this claim. See Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Nieto's petition for review is DENIED.