United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

**04-60261
Summary Calendar**
_____

**JORGE SALAZAR-TORRES,**

**Petitioner,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review of an Order of the
Board of Immigration Appeals
A78 315 665**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Salazar-Torres, a native and citizen of Peru, petitions, _pro se_, for review of a Board of Immigration Appeals order, which affirmed the immigration judge's decision he is removable and dismissed his appeal. Salazar contends he was denied due process due to: (1) insufficient time to obtain counsel for his removal hearing; and (2) inability to present evidence in support of his asylum claim. We review _de novo_ Salazar's claim of a due process violation in immigration proceedings. **_Anwar v. INS_**, 116 F.2d 140, 144 (5th Cir. 1997)

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salazar had almost two months between service of the Notice to Appear and his final removal hearing to obtain counsel. Noticing Salazar was without counsel at his first two appearances, the IJ informed him he had a right to obtain counsel and, on both occasions, granted him a continuance. For example, this court has deemed one month sufficient time for a detained alien to find counsel. *See* **Ogbemudia v. INS**, 988 F.2d 595, 599 (5th Cir. 1993). Salazar has not shown a due process violation. In the alternative, Salazar has not demonstrated any prejudice from his lack of representation. There is no evidence there were any grounds for relief available to Salazar at the time of his removal hearing. *See* **Anwar**, 116 F.3d at 144; **Prichard-Ciriza v. INS**, 978 F.2d 219, 222 (5th Cir. 1992).

Salazar complains he was never informed of his right to apply for political asylum. Among other things, "an IJ does not have an obligation to explain the asylum procedures unless the immigrant expresses some reluctance to return to his homeland." **Ogbemudia**, 988 F.2d at 599. In any event, Salazar expressed no objection to returning to Peru. "[T]o the contrary, he specifically designated that country when asked." **Id.**

*PETITION DENIED*

2