

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Kaci v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kaci v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1352.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1352

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1836

SOKOL KACI;
LEIDA KACI,

Petitioners

v.

ALBERTO GONZALES,[*] Attorney General
of the United States,

Respondent

ON PETITION FOR REVIEW OF ORDERS OF THE
BOARD OF IMMIGRATION APPEALS

(Nos. A78-733-253, A78-733-254)

Submitted Under Third Circuit LAR 34.1(a)
March 31, 2005

Before: ALITO, SMITH, and FISHER, <u>Circuit Judges</u>

(Opinion Filed:   April 15, 2005)

OPINION OF THE COURT

[*] Amended pursuant to Federal Rule of Appellate Procedure 43(c).

:

Because we write solely for the parties, we do not recite the facts of this case. Sokol Kaci and his wife Leida Kaci petition for review of final orders of the Board of Immigration Appeals (the "Board") removing them from the United States. They challenge the denial of their application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and withholding of removal under the U.N. Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (the "CAT"). We discuss only Sokol Kaci's application, since his wife's application is derivative of his. For the reasons set forth below, the petition is denied.

I.

Since the Board rejected Kaci's claim after a de novo review of the record, we review its decision rather than that of the Immigration Judge ("IJ"). See Abdulai v. Ashcroft, 239 F.3d 542, 545 (3d Cir. 2001). The denial of an application for asylum and withholding of removal is reviewed for substantial evidence. See Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). The Board's decision may be reversed "only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In other words, "the BIA's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

To be eligible for asylum, an alien must show an inability or unwillingness to return to his native land on account of persecution or a well-founded fear of persecution based on his race, religion, nationality, membership in a particular social group, or political opinion. INA §§ 101(a)(42)(A), 208(b)(1), 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (2000); 8 C.F.R. § 208.13(b) (2004); Abdille, 242 F.3d at 482. A "well-founded fear" must be both subjectively genuine and objectively reasonable. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). We have held that "persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom" but does not include "all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Lukwago v. Ashcroft, 329 F.3d 157, 167-68 (3d Cir. 2003) (internal quotation marks omitted).

To be entitled to withholding of removal under the INA or CAT, an alien must show more than a well-founded fear; he must show that persecution or torture is more likely than not to occur. See Gambashidze v. Ashcroft, 381 F.3d 187, 191 (3d Cir. 2004); Ogbudimkpa v. Ashcroft, 342 F.3d 207, 212 (3d Cir. 2003). Thus, an alien whose asylum application has foundered for lack of proof cannot show entitlement to withholding of removal either. See Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003).

The Attorney General argues that we should not consider Kaci's claim for withholding of removal because his appellate brief does not raise it. Kaci's statement of the issues suggests otherwise, see, e.g., Kaci's Br. at 4 ("Should the petitioners be granted

3

another hearing to present their case for political asylum and Withholding of Removal?"), and we believe the issue has been presented with sufficient clarity for us to consider it. We need not dwell on the point, however, since we conclude that substantial evidence supports the Board's finding that Kaci failed to meet his burden of showing past persecution or a well-founded fear of persecution.[1] This shortfall of proof accordingly dooms his application for withholding of removal.

## II.

Kaci's claim of persecution is based on two assaults in Albania. In neither case was he able to identify the perpetrator. With respect to the 1997 shooting, he could state with certainty only that he came under fire, not whether he or his car had been targeted. See Record at 179-81. Without further elaboration or evidence, a reasonable factfinder could conclude that Kaci was caught in the crossfire of an unrelated gunfight or that his car, instead of him personally, had been the target. This second theory is especially plausible in light of Kaci's testimony that he had volunteered the use of his car for his party's electioneering activities. A reasonable factfinder might suppose that an assassin

---

[1] We reach this conclusion despite crediting the petitioners' testimony in full. We thus need not address Kaci's claim that the IJ denied his application for lack of corroborating evidence that either did not exist or that he could not reasonably have been expected to provide. We also need not address his due process claim. A review of his extra-record translation reveals pervasive evidence of miscommunication but little evidence of consequence. It does not persuade us that the Board's decision or our own would be any different had his testimony been properly translated. See Dia, 353 F.3d at 239 ("'Due process challenges to deportation proceedings require an initial showing of substantial prejudice.'" (quoting Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997))).

4

had targeted his car in the hope of killing a senior party member.

The evidence from the second attack is equally unpersuasive. Although foul play is the only reasonable explanation for a crash brought about by three men wearing black ski masks, it does not follow that Kaci was the intended victim. As the IJ pointed out, Kaci was "merely a passenger in a car that he didn't own [and] that he didn't drive." Record at 89-90. A more natural conclusion is that his friend had been targeted, since his friend owned the car. In the absence of other evidence, neither the vehicular assault nor the shooting compels the conclusion that Kaci was persecuted in Albania or will be if he is returned there.

Kaci argues that a threat by the Albanian ambassador and a second-hand warning that his life was in danger establish the reasonableness and sincerity of his fear. We disagree. Even if the warning were not double hearsay, it would have minimal probative value. Kaci provided no foundation or other context for his friend's opinion that his life was in danger. Knowing next to nothing about the friend's knowledge or motives and thus having little reason to assume the credibility or basis of the warning, a reasonable factfinder could easily find this evidence unpersuasive.

Although the ambassador's threat is more troubling, a reasonable factfinder could still discount it. The Albanian embassy's posture of accommodation toward Kaci's wife, see Record at 292, reflects only goodwill and suggests that a facetious remark may have been misinterpreted. Even if the threat was sincere, a reasonable factfinder could

5

conclude that the ambassador did not have the wherewithal to carry it out. Although both of these conclusions are speculative, they are not much more speculative than the conclusion that the Albanian ambassador was poised to kill an erstwhile chauffeur half a world away. In the absence of further evidence, a reasonable factfinder could find that the ambassador had nothing to do with the violence against Kaci.

III.

In sum, we conclude that Kaci's evidence is too thin to compel a finding either that he suffered persecution at the hands of Albania's communists or that he has a well-founded fear of it. The Board's decision to deny his application for asylum is thus supported by substantial evidence. His attack on the Board's denial of his application for withholding of removal under the INA and the CAT fails for the same reason. The petition for review is denied.