United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60550
Summary Calendar

YOLANDA PAREDES-RAMIREZ,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 297 281
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yolanda Paredes-Ramirez, a citizen of Mexico, petitions this court for review of an order pretermitting her application for adjustment of status to that of lawful permanent resident and ordering her removal to Mexico. The Board of Immigration Appeals (BIA) affirmed the order of the immigration judge (IJ).

Paredes-Ramirez argues that the BIA erred by determining that she was not eligible for adjustment of status and that the IJ erred by failing to properly adjudicate her application for permission to reapply for admission. Because Paredes-Ramirez was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(I), the BIA did not act arbitrarily when it determined that Paredes-Ramirez was not eligible for adjustment of status under 8 U.S.C. § 1255(i)(1)(A)(i). Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir. 2005). Because Paredes-Ramirez did not challenge the adjudication of her application for permission to reapply for admission when she was before the BIA, that issue is not cognizable in this court. Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004). Even if we were to review that claim, Paredes-Ramirez would not be entitled to relief because she has failed to make an initial showing of substantial prejudice. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Paredes-Ramirez's petition for review is DENIED.