

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2007

# Dorley v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dorley v. Atty Gen USA" (2007). *2007 Decisions.* Paper 632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5432

JUDY DORLEY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of Removal from
the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A94-006-929)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

Before: McKEE and AMBRO, *Circuit Judges*, and
ACKERMAN, *District Judge*[*]

(Opinion filed August 2, 2007)

OPINION

McKEE, *Circuit Judge*.

Judy Dorley petitions for review of the decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her claim for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]The Hon. Harold A. Ackerman, Senior District Judge of the United States District Court
for the District of New Jersey, sitting by designation.

voluntary departure.[1]  For the reasons that follow, the petition will be denied.

I.

Since we write only for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion. The IJ denied Dorley's application after finding her not credible.  The BIA conducted an independent review of the record and upheld the IJ's adverse credibility determination based on contradictions between Dorley's hearing testimony and her asylum application as well as internal inconsistencies in her testimony.  In addition, the BIA affirmed the IJ's conclusion that, even if Dorley had established past persecution, she was ineligible for relief based on a fundamental change in country conditions in Liberia namely President Charles Taylor having been deposed in 2003.

We review factual determinations relevant to an alien's eligibility for asylum for substantial evidence.  *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003). Substantial evidence is that quantity of evidence that a reasonable mind might accept as adequate to support a conclusion.  *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126 (3d Cir. 2002).  We defer to the agency's credibility determination unless it is not reasonably grounded in the record.  *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003)**.**  Because the BIA conducted an independent analysis of the record, our review is limited to the BIA's

---

[1]Dorley does not seek appellate review of the BIA's decision on her claim under the CAT; thus we will not address it.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001).

final order. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

The BIA concluded that Dorley's lack of credibility precluded her from meeting her burden to establish a claim for asylum. The BIA's conclusion was based on inconsistencies that included: Dorley's inconsistent accounts of the date she became special assistant to the superintendent of the Liberian Marketing Association, ("LMA"), the manner in which soldiers allegedly tried to throw her from taxicabs, the implausibility of her assertion that three LMA members were killed by the Liberian government because only soldiers carried guns, and her questionable explanation of why she returned to Liberia despite the past persecution she was alleging.

The BIA also affirmed the IJ's conclusion that Dorley fabricated her allegation that Liberian soldiers raped her. The IJ reached this conclusion, in part, because she first mentioned the assault at her hearing. Significantly, she failed to mention this allegation in her affidavit in support of her asylum application, nor did she mention the allegation to her attorney. We agree that, based on the foregoing, a reasonable factfinder would not be compelled to conclude that Dorley was credible. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Dorley argues that these inconsistencies should be dismissed as minor or immaterial. But, they are not so easily ignored. Some of them, though not all, bear directly on her claim that she was persecuted by the Liberian government based on her membership in the LMA. The failure to mention the alleged rape is particularly probative of credibility. We will concede that she may have been reluctant to mention this to a

3

strange immigration official during her initial interview, and that she may have failed to include it in her affidavit for the same reason. However, we can not so readily ignore the failure to mention this to her attorney. The omission raises doubts about her credibility.

Moreover, to the extent that the IJ's doubt about Dorley's ability to identify government actors because they were armed influenced the BIA's decision, we will ignore it. Although Liberian society was generally in a state of turmoil, the record is not adequate to allow a finding that only government agents had guns. Rather, that appears to be based, at least in part, on the availability of guns in Liberian society. That is not a reason to doubt Dorley's testimony about Liberia.

Nevertheless, the record still supports the BIA's adverse credibility determination based upon the numerous inconsistencies in Dorley's testimony. Even though confusion or nervousness may have accounted for some of the inconsistencies in her testimony, the BIA's skepticism is supported by substantial evidence in the record. *See* A.R. 158-60. Moreover, even if Dorley's testimony is accepted at face value, we would still affirm the BIA's ruling because, as the BIA reasoned, the civil upheaval and "persecution" she refers to clearly stemmed from the administration of Charles Taylor, and he was deposed in 2003. Accordingly, based on changed country conditions alone, there is substantial evidence to affirm the BIA and deny the petition for review.

## II.

Dorley also argues that her due process rights were violated by the BIA's denial of her request to remand to clarify crucial portions of her testimony that the record denotes

4

are indiscernible, or to further develop the record with evidence in support of her allegation of that she had been raped. Although there is no constitutional right to asylum, aliens facing removal are entitled to due process. *See Sewak v. INS*, 900 F.2d 667, 671 (3d Cir. 1990). In immigration cases, the Due Process Clause entitles an alien (1) "to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) to be allowed to make arguments on his or her own behalf; and (3) to the right to an individualized determination of his or her interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotations omitted). However, "'due process challenges to deportation proceedings require an initial showing of substantial prejudice.'" *Khan v. Attorney Gen.*, 448 F.3d 226, 236 (3d Cir. 2006) (quoting *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997)).

Here, the fact that several portions of the record denote Dorley's testimony as "indiscernible" does not rise to the level of a violation of due process because she can not demonstrate prejudice. *See Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir.1993) (hearing transcript with hundreds of "inaudible" or "indiscernible" notations did not violate petitioner's due process rights). Nor would supplementing the record with evidence in support of the alleged rape establish prejudice. However, nothing that Dorley could add would alter the finding of changed conditions because Taylor—the progenitor of her alleged persecution—has been deposed.

Accordingly, for the reasons set forth above, we will deny the petition for review.