# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60393
Summary Calendar

JIAN REN LIN, also known as Koj Unara

                    Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 855 906

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jian Ren Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing an appeal of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin argues that the BIA erred in determining that he was not eligible for asylum or withholding of removal on account of a protected ground. He also argues that the immigration judge (IJ) violated his due process rights by failing to admit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence regarding the persecution of Falun Gong adherents and prison conditions in China.  Finally, Lin challenges the IJ's adverse credibility determination and the IJ's denial of his application for asylum and withholding of removal.

The record does not compel reversal of the BIA's decision.  Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994).  Lin's testimony concerning his interaction with Chinese police does not establish a sufficient nexus between his mistreatment and a ground protected by the Immigration and Nationality Act.  See id.  The BIA's conclusion that Lin's mistreatment was motivated by the desire to stop Lin's sale of Falun Gong material and to learn the names of his suppliers, rather than because of any political opinion imputed to Lin, is supported by Lin's testimony.

Lin's arguments concerning the excluded documentary evidence likewise fail because Lin has failed to demonstrate that he suffered substantial prejudice by the exclusion of those documents.  See  Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).  Finally, Lin's challenges to the IJ's credibility determinations and the IJ's denial of relief are not properly before this court.  Hongyok v. Gonzales, 492 F.3d 547, 549 (5th Cir. 2007).  Accordingly, Lin's petition for review is DENIED.