# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60292
Summary Calendar

JOMIE BOGONDAM WEREGWE

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 157 659

Before REAVLEY, WIENER, and PRADO, Circuit Judges.
PER CURIAM:*

Jomie Bogondam Weregwe has petitioned for review of the decision of the Bureau of Immigration Appeals (BIA), affirming and dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for adjustment of his status in combination with a request for a waiver of inadmissibility and for withholding of removal under the Convention Against Torture (CAT). This court lacks jurisdiction because Weregwe is removable by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reason of his conviction of an aggravated felony and because Weregwe has not raised a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(C). Although Weregwe contends that his right to due process was violated because the IJ would not permit him to call as a witness the victim of the state offense for which he is being removed, Weregwe has not shown that he was substantially prejudiced by the IJ's ruling. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). Weregwe's arguments with respect to the denial of his request for withholding of removal under the CAT do not depend upon a constitutional issue or a question of law. *See* § 1252(a)(2)(C).

The court also lacks jurisdiction over the discretionary decisions of the BIA and the IJ denying Weregwe's request for adjustment of status and a waiver and with respect to the IJ's sua sponte decision reopening the removal proceedings. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Jean v. Gonzales,* 452 F.3d 392, 395 (5th Cir. 2006); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249 (5th Cir. 2004).

PETITION DISMISSED.