# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60499
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2017

Lyle W. Cayce
Clerk

ALMA KURGAS,

Petitioner

v.

JEFF SESSIONS, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 769 720

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:*

Alma Kurgas petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) following an adverse credibility determination by the immigration judge (IJ). Because the BIA reviewed the IJ's credibility finding for clear error, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

will review the IJ's decision to the extent it impacted the decision of the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

According to Kurgas, the BIA and the IJ applied an erroneous legal standard in evaluating her credibility because they failed to weigh the totality of the circumstances as required by 8 U.S.C. § 1158(b)(1)(B)(iii). We find no merit in this argument, as the record reflects that the IJ and the BIA properly considered the totality of the circumstances. *See Wang*, 569 F.3d at 538. To the extent Kurgas asserts that the IJ and BIA erroneously relied on peripheral or non-substantive issues in evaluating credibility, the factfinder may rely on "any inaccuracies or falsehoods" in the applicant's "statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." § 1158(b)(1)(B)(iii).

In addition, Kurgas asserts that, with the exception of the transcripts of her border interviews on November 22, 2009, and November 23, 2009, she has consistently asserted a fear of returning to Montenegro. She attributes her contradictory statements in the initial interviews to poor translation by the interpreters. However, as the BIA and the IJ noted, only the questions and responses concerning her reasons for coming to the United States and her fear of returning to Montenegro were allegedly translated incorrectly. Her personal and family history were translated accurately. Moreover, documentation of the interviews reflects that Kurgas had the benefit of Serbian interpreters and that she understood the questioning. We will not set aside the credibility determination on this basis because the record does not compel belief in her story. *See Wang*, 569 F.3d at 539.

To the extent Kurgas also asserts that border interviews generally are known to be unreliable, the IJ must determine removability "based only on the evidence produced at the hearing," 8 U.S.C. § 1229a(c)(1)(A). Our review

likewise is limited to the administrative record on which the order of removal was based.  8 U.S.C. § 1252(b)(4)(A).  We further decline to review findings that were not relied upon by the BIA in its final decision, such as the IJ's findings that Kurgas was able to understand English and that she had inconsistently described her relation to a cousin.  *See Wang*, 569 F.3d at 536 (noting that this court reviews only the decision of the BIA "unless the IJ's decision has some impact on the BIA's decision").

Finally, Kurgas alleges that she was denied due process because of errors by the BIA and IJ in evaluating her credibility and because the IJ prejudged her claims following a remand by the BIA to consider her testimony from the credible fear hearing.  Kurgas does not address whether she was eligible for asylum, withholding of removal, or relief under the CAT or whether "[s]he could have made a strong showing" in support of those claims in the absence of the alleged due process violations.  *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).  By failing to brief the relevant criteria for establishing substantial prejudice, *see id.*, she has forfeited her due process claims, *see United States v. Williams*, 400 F.3d 277, 283 (5th Cir. 2005).

The petition for review is DENIED.