# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

No. 25-60283
Summary Calendar

───────────────

Rimon Hussen,

*Petitioner,*

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

───────────────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A221 086 870

───────────────────────────────

Before Davis, Jones, and Ho, *Circuit Judges.*

Per Curiam:[*]

Rimon Hussen, a native and citizen of Bangladesh, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) decision finding that he abandoned his applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordering removal. He

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

argues that the IJ's abandonment finding was erroneous and deprived him of due process. He claims that his due process rights were violated because he did not receive a "full and fair hearing" on his claim for relief, and he was not represented by an attorney.

Where, as here, the BIA adopted and affirmed the IJ's decision, we may review both decisions. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). To the extent Hussen argues that the IJ's abandonment finding was erroneous because "[o]nce an applicant states that he or she is afraid to return" for purposes of establishing a credible fear of persecution, "the applicant is deemed an applicant for asylum," such argument is unavailing. Hussen does not cite, and we have not found, any authority supporting this contention. Because Hussen did not file his application for relief by the deadline, the BIA and the IJ correctly deemed it abandoned. *See* 8 C.F.R. § 1003.31(h).

Hussen's due process claims also lack merit. The BIA correctly concluded that Hussen made no attempt to establish prejudice. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). To the extent Hussen asserts that his credible fear determination established the requisite substantial prejudice, such argument is unavailing, as a credible fear determination "equates to only a significant possibility that [an] alien would be eligible" for asylum and does not mean that an alien "*is in fact eligible.*" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020) (internal quotation marks and citation omitted). Moreover, Hussen's lack of representation before the IJ does not constitute a due process violation. *See Ogbemudia v. INS*, 988 F.2d 595, 599 (5th Cir. 1993).

Accordingly, Hussen's petition for review is DENIED.