United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60490
Summary Calendar

MARIA LAURA GONZALEZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 213 989
--------------------

Before JOLLY, DAVIS, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Maria Laura Gonzalez appeals the decision of the Board of Immigration Appeals (BIA) affirming without opinion the denial of her application for cancellation of removal by the Immigration Judge (IJ). She argues that the IJ erred in denying her request for a continuance and that the denial of the continuance violated her due process rights. Because Gonzalez did not raise this issue in her appeal to the BIA, we do not have jurisdiction to review her challenge of the denial of her request for a continuance. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2001).  Further, because the error was one that was correctable by the BIA, Gonzalez's due process claim is subject to the exhaustion requirement and, therefore, we do not have jurisdiction to review her due process claim.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001); see also Anwar v. INS, 116 F.3d 140, 144 & n.4 (5th Cir. 1997).

Gonzalez also argues that the IJ erred in denying her application for cancellation of removal based on an erroneous legal interpretation of Faddah v. INS, 553 F.2d 491 (5th Cir. 1977).  Because the IJ's decision ultimately involved the exercise of discretion, we do not have jurisdiction to review it. See Mireles-Valdez v. Ashcroft, 349 F.2d 213, 216 (5th Cir. 2003).

PETITION DISMISSED FOR LACK OF JURISDICTION.