**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 25, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61187
Summary Calendar
_____

ABDUL KARIM,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A79 011 669)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Petitioner Abdul Karim, a native and citizen of Pakistan, appeals the Board of Immigration Appeals '(BIA) denial of his motion for reconsideration of his removal proceedings. Karim argues that the BIA erred when it denied his motion for reconsideration, in which he sought an adjustment of status based on a pending visa petition for alien worker status.

We apply an abuse of discretion standard when we review motions to reconsider immigration proceedings. Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006). The BIA did not abuse its

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in denying Karim's motion for reconsideration, as the record reflects that Karim had not supplied the BIA with the requisite documentation to obtain an adjustment of status. See United States v. Ryan-Webster, 363 F.3d 353, 355 (4th Cir. 2003); 8 U.S.C. §§ 1153(b), 1255(a).

Karim contends that his due process rights were violated because the BIA rejected his eligibility for an adjustment of status. We review due process challenges arising from deportation proceedings de novo. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Given Karim's failure to comply with the statutory prerequisites for obtaining adjustment of status on his alien worker petition, he cannot show that his constitutional rights were violated by the BIA's denial of his motion to reconsider his removal proceedings. See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).

Karim has filed a motion to remand his petition to the BIA for reconsideration based on the approval of his I-140 petition. Although Karim has also attached an I-485 form, he fails to provide any evidence that the form has been approved. The BIA was not privy to these documents, and, moreover, Karim still has not satisfied the final requisite steps for obtaining adjustment of status. See Ryan-Webster, 353 F.3d at 355-56.

PETITION FOR REVIEW DENIED; MOTION FOR REMAND DENIED.

2