United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2009

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 07-60372
Summary Calendar

DONALD ANTONIO FERNANDEZ-BUCARDO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 407 375

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Fernandez-Bucardo (Fernandez), a native and citizen of Nicaragua, has filed a petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings. The BIA found that he had failed to establish changed country conditions that materially affected his original asylum application. Fernandez specifically argues that he was denied a full and fair hearing because the BIA did not review the entire record of his previous asylum hearing and that the presentation of his sworn declaration was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prima facie evidence that he had established a well-founded fear of future persecution based on changed country conditions.

Generally, a party may file only one motion to reopen removal proceedings; however, an exception applies where the motion to reopen is based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. §§ 1003.2(c)(2) & 1003.2(c)(3)(ii) (2006). The motion shall state the new facts to be proven and must be accompanied by supporting affidavits or other evidentiary material. 8 C.F.R. § 1003.2(c)(1). Motions to reopen deportation proceedings are not favored, and the moving party bears a heavy burden. Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549-50 (5th Cir. 2006). Fernandez has not met this burden.

Fernandez attached to his motion to reopen a sworn declaration asserting that during his 1990 asylum hearing, he testified before the immigration judge (IJ) that because his father was a former member of the Somoza regime's National Guard, his family was subjected to persecution by the Sandinistas. Fernandez recalled that the IJ denied the application because his descriptions of the incidents did not rise to the level of past persecution and because he could not establish a well-founded fear of future persecution as the Sandinistas had been removed from power in 1990. Fernandez also attached to his motion to reopen an Associated Press article asserting that former Sandinista president, Daniel Ortega, had been re-elected president in 2006. Fernandez did not provide the BIA with a transcript of the 1990 proceeding before the IJ, nor did he provide any evidence in the form of testimony, articles, or State Department reports on the present conditions in Nicaragua.

To prove a well-founded fear of persecution, Fernandez must show that a reasonable person in the same circumstances would fear persecution if removed. Mikhael v. I.N.S., 115 F.3d 299, 304 (5th Cir. 1997). Thus, Fernandez's assertion

of a subjective fear of persecution must also be objectively reasonable. Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005). In order to establish the objective reasonableness of a fear of persecution, Fernandez must show that (1) he possesses either a belief or characteristic that a persecutor seeks to overcome by some sort of punishment; (2) the persecutor is aware or could become aware that he possesses these beliefs or characteristics; (3) the persecutor is capable of and has the means to inflict punishment; and (4) the persecutor has the inclination to inflict punishment. Id.

Fernandez's assertion that he was denied access to a full and fair hearing without due process of law is without merit. Proof of a denial of due process rights in a deportation hearing requires a showing of substantial prejudice. Anwar v. I.N.S., 116 F.3d 140, 144 (5th Cir. 1997). Fernandez does not demonstrate the requisite prejudice and merely offers unsubstantiated allegations without providing any evidence to establish that the BIA either prevented him from presenting evidence or refused to consider all of the evidence before it. Because he failed to provide the BIA with a transcript of his testimony before the IJ, Fernandez cannot now argue that the BIA did not consider evidence of this testimony. In addition, this court cannot weigh evidence not previously brought before the BIA. Rivera-Cruz v. I.N.S., 948 F.2d 962, 967 (5th Cir. 1991).

A review of the available evidence reveals that the BIA did not abuse its discretion in finding that Fernandez had not provided sufficient evidence of changed country conditions to support a finding of a well-founded fear of future persecution. See Zhao, 404 F.3d at 303-11. The evidence before the BIA established only that Fernandez alleged to have provided the IJ with details of past acts of persecution by the Sandinistas and that former president Ortega had been re-elected in 2006. Fernandez did not provide an actual transcript of the original hearing, nor did he provide evidence that Ortega was presently sanctioning political violence by the former Sandinistas. Accordingly, Fernandez's petition for review is DENIED.