# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-60233
Summary Calendar

Charles R. Fulbruge III
Clerk

MAMBU JUSU KOROMA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order
Of the Board of Immigration Appeals
Agency No. 046-943-157

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mambu Jusu Koroma, a citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("BIA") March 5, 2009 order, dismissing his appeal of the Immigration Judge's ("IJ") June 7, 2006 decision denying Koroma's motion to terminate removal proceedings and ordering him removed. Because the BIA's decision, based on the evidence presented, was substantially reasonable and within its discretion, we deny Koroma's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60233

## I. FACTUAL AND PROCEDURAL BACKGROUND

Koroma entered the United States on an F11 visa as the unmarried son of a United States citizen on April 24, 1999. In a subsequent petition for alien relative, signed by Koroma on September 25, 2000, Koroma indicated he had actually been married on February 21, 1999. On an application for naturalization signed on October 18, 2004, Koroma indicated he had been married on February 8, 1999, and subsequently divorced on March 2, 2004. The Department of Homeland Security ("DHS") issued a notice to appear and commenced removal proceedings against Koroma in October 2005. The removal proceedings were commenced on charges that Koroma's visa was issued without compliance with 8 U.S.C. § 1182(a)(7)(A)(i)(II)[1] of the Immigration and Nationality Act of 1952, as amended ("the Act"), and that Koroma had misrepresented a material fact under 8 U.S.C. § 1182(a)(6)(B)[2] of the Act.

The IJ held a merits hearing on June 7, 2006. During the hearing, the IJ asked Koroma to explain the inconsistencies contained within the documentary evidence; namely, the visa application on which he claimed to be unmarried; the petition for alien relative on which he stated he had been married on February 21, 1999; and the naturalization application wherein he indicated he had been married on February 8, 1999. In his live testimony at the hearing, Koroma claimed he was married in a "traditional" ceremony held in Sierra Leone after he had come to the United States, and the ceremony was held without his presence, occurring sometime in March 2000. Koroma also submitted a letter from the tribal headman who performed the marriage, in which the headman

---

[1] The allegation is Koroma was inadmissible at the time of his application for admission because his visa had been issued without compliance with provisions of 8 U.S.C. § 1153 (relating to the number of visas allocated to unmarried sons and daughters of United States citizens).

[2] In its brief, the Government indicates this citation was a typographical error; the applicable section is 8 U.S.C. § 1182(a)(6)(C), pertaining to any alien who procures admission into the United States by misrepresenting a material fact.

2

attempted to explain that he had mistakenly used a February 1999 date on the marriage certificate, and the certificate should have contained a March 2000 date to reflect when the marriage actually occurred. Koroma further testified that he used the February 21, 1999 date on the petition for alien relative because he "did not want to complicate things."

The IJ denied Koroma's requested relief, finding that Koroma was married when he entered the United States on a visa reserved for unmarried children of United States citizens, that Koroma failed to provide credible evidence or credible testimony, and that Koroma was not of good moral character. The IJ further found that Koroma was not eligible for voluntary departure, and ordered that Koroma be removed to Sierra Leone. Koroma filed a timely appeal to the BIA which dismissed Koroma's administrative appeal of the IJ's order on March 5, 2009. Koroma has petitioned us for review of the BIA's dismissal.

## II.  ANALYSIS

In his petition, Koroma asks us to review the BIA's March 5, 2009 order dismissing his motion to terminate removal proceedings. The sole issue presented to us by Koroma is whether the IJ violated Koroma's due process rights by ordering him removed without an opportunity to apply for relief from removal as provided by the Act. The Government contends first that Koroma waived any challenges to the IJ's findings which were adopted and affirmed by the BIA, and second, that Koroma's due process challenge fails.

We have jurisdiction under 8 U.S.C. § 1252, to review legal and constitutional issues related to the BIA's final order of removal. We generally have authority only to review the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007) (citation omitted). However, when the BIA's decision is influenced by the IJ's ruling, we may also examine the IJ's ruling. *Id.* (citations omitted). When the BIA affirms the IJ, relying on the IJ's reasoning, we review the IJ's decision along with the BIA's decision. *Theodros v. Gonzales*, 490 F.3d

No. 09-60233

396, 400 (5th Cir. 2007). The BIA adopted and affirmed the IJ's decision regarding Koroma's removability, relying on the IJ's reasoning. Therefore, we may review the BIA's decision as well as the IJ's ruling.

We review questions of law *de novo*, and review factual findings of the BIA to determine if they are supported by substantial evidence in the record. *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009); *Theodros*, 490 F.3d at 400. "The substantial evidence standard requires only that the [BIA's] conclusion be based upon the evidence presented and be substantially reasonable." *Kane*, 581 F.3d at 236 (alteration in original) (quotation omitted); *see also Animashaun v. INS*, 990 F.2d 234, 237 (5th Cir. 1993) (citation omitted) (same). Under the substantial evidence standard, we will affirm the BIA's decision unless the evidence compels a contrary conclusion. *Theodros*, 490 F.3d at 400. The petitioner bears the burden of showing that the "evidence was so compelling that no reasonable factfinder could conclude against [him]." *Id.* (quoting *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996)).

Koroma argues that the IJ erred in not affording him the opportunity to apply for relief from removal, thereby violating Koroma's right to due process. This argument is without merit. A due process challenge to a removal proceeding requires a showing of substantial prejudice. *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997) (citations omitted). For Koroma to show that the IJ's denial of an opportunity to apply for relief from removal caused him to sustain substantial prejudice, Koroma must make a *prima facie* showing that he was eligible for relief from removal. *Id.* As the IJ determined, and the BIA affirmed, Koroma failed to present any evidence that he was eligible for any adjustment of status; namely, Koroma presented no evidence that an I-130 petition previously filed on his behalf had been approved or that he had a current visa. *See* 8 C.F.R. § 1245.10(b)(2). Additionally, the IJ had discretion to grant or deny such relief to Koroma. *See Ahmed v. Gonzales*, 447 F.3d 433, 439 (5th Cir. 2006). Because

No. 09-60233

of such discretion, Koroma's eligibility for relief is not protected by due process. *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002).

The BIA specifically adopted and affirmed the findings of the IJ that Koroma failed to provide credible testimony and evidence at his hearing. We give great deference to the IJ's findings regarding Koroma's credibility. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Where the IJ's credibility determination finds support in the record, that finding will be affirmed unless the record compels a contrary conclusion. *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006). The record does not compel us to a contrary conclusion. The IJ found numerous inconsistencies between Koroma's testimony and his documentary evidence produced. Substantial evidence in the record supports the finding that Koroma's testimony and the factual assertions made in his various applications for immigration benefits are inconsistent. The IJ additionally found that Koroma made numerous misrepresentations on the documents submitted into evidence and made further misrepresentations during his oral testimony. Further, Koroma failed to provide any reasonable explanation for the numerous inconsistencies. The BIA had substantial evidence to support its adoption and affirmation of the IJ's ruling. The record, taken as a whole, contains substantial evidence to support the findings of the IJ and the BIA.

## III.  CONCLUSION

For the foregoing reasons, we deny Koroma's petition to review the BIA's dismissal of Koroma's appeal.

DENIED.

5