# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-60309
Summary Calendar

Lyle W. Cayce
Clerk

KINGSLEY DAYO, also known as Kingsley Pedersoli, also known as Dayo
Kingsley, also known as Kingsley Dayo Pedersoli, also known as Kingsley J.
Dayo, also known as Darryl Lamont Gates,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A094-002-838

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kingsley Dayo, a native and citizen of Nigeria, petitions this court to
review the decision of the Board of Immigration Appeals (BIA) affirming the
decision of the immigration judge denying his application for asylum,
withholding of removal, and protection under the Convention Against Torture
(CAT).  Dayo contends that he gave credible testimony establishing that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

suffered past persecution in Nigeria and fears future persecution if he is removed to Nigeria. He also asserts that his due process rights were violated during his removal proceedings because the notice to appear did not charge him properly and because the transcript of his hearing was incomplete.

An alien's application for asylum must be filed within one year of the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The immigration judge held that Dayo's asylum application was not timely filed. The BIA agreed with the immigration judge's untimeliness finding. Accordingly, this court lacks jurisdiction to review the BIA's decision affirming the immigration judge's factual finding that Dayo's asylum application was untimely. *See Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007). A review of the record demonstrates that the BIA's decision affirming the immigration judge's adverse credibility finding is supported by substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009); *Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Furthermore, to prevail on his due process claims, Dayo must make a prima facie showing that he was eligible for relief from removal. *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). In light of his incredible testimony, Dayo has failed to do so. *See id.*

In a supplemental brief, Dayo asserts that his due process rights were violated by "ICE Officer Davis" who notified the Nigerian government about Dayo's removal proceedings. He asserts that the officer's actions have now made the Nigerian government aware of his existence and have placed him in danger. As the Government argues, Dayo failed to exhaust this issue before the BIA. Accordingly, this court does not have jurisdiction to consider the issue. *See Roy v. Ashcroft,* 389 F.3d 132, 137 (5th Cir. 2004). Accordingly, Dayo's petition for review of the BIA's decision upholding the immigration judge's decision regarding Dayo's applications for asylum, withholding of removal, and protection under the CAT is denied.

No. 10-60309

Dayo also petitions this court to review the BIA's decision denying his motion to reopen on the basis of newly discovered evidence. However, Dayo does not challenge the BIA's reasons for denying his motion to reopen. He does not explain how the affidavits he sought to introduce constituted newly discovered evidence in his petition. Thus, he has waived the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Further, Dayo's attempt to reassert his argument surrounding Officer Davis's alleged actions are unexhausted and barred from this court's review. *See Roy*, 389 F.3d at 137.

Accordingly, Dayo's petitions for review are DENIED. Any outstanding motions for stay of removal are DENIED as well.