**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1297
_____

ANTHONY KIRK MAXWELL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A88-230-653)
Immigration Judge:  Honorable Leo Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2012

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 20, 2012)
_____

OPINION
_____

PER CURIAM

Anthony Kirk Maxwell, a citizen of Jamaica, entered the United States in 1985,

when he was five or six years old.  In 2005, Maxwell pleaded guilty to sexual assault in

the Essex County Superior Court, Law Division.  N.J. Stat. Ann. § 2C:14-2b (defining

sexual assault as an act of sexual contact with a victim who is less than 13 years of age if the defendant is more than four years older than the victim).  He was sentenced to seven years of imprisonment.[1]

In 2007, the Department of Homeland Security ("DHS") served Maxwell with a notice to appear, charging him with removability under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)], as an alien present without being admitted or paroled, and § 212(a)(2)(A)(i)(I) [8 U.S.C. § 1182(a)(2)(A)(i)(I)], as an alien convicted of a crime involving moral turpitude.  Maxwell first appeared before the IJ on March 9, 2011.  Thereafter, the IJ adjourned the proceedings three times so that Maxwell could retain an attorney and apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Maxwell was not able to retain an attorney, however, and on July 18, 2011, the IJ held an evidentiary hearing.  At that hearing, the IJ found that Maxwell was removable as charged and denied his applications for relief.  The BIA dismissed Maxwell's appeal on December 1, 2011.

---

[1] Upon Maxwell's release from imprisonment in New Jersey, DHS took him into custody pursuant to the mandatory detention provision of INA § 236(c)(1) [8 U.S.C. § 1226(c)(1)].  He requested a bond hearing, which was held on June 6, 2011.  An Immigration Judge ("IJ") concluded that Maxwell was subject to mandatory detention and denied Maxwell's request for a change of custody status.  On September 26, 2011, the Board of Immigration Appeals ("BIA") dismissed Maxwell's appeal.  Thereafter, Maxwell filed with the BIA a motion to reopen or reconsider sua sponte its order of September 26, 2011.  On December 23, 2011, the BIA denied Maxwell's motion as moot, reasoning that it lacked authority to adjust Maxwell's bond conditions because he was already subject to a final order of removal.  See 8 C.F.R. § 1236.1(d).  Maxwell does not challenge this determination in these proceedings.  Hoxha v. Holder, 559 F.3d 157, 162 (3d Cir. 2009) (stating that "our appellate procedure mandates that the appellant must provide in a single document—the appellate brief—both the issues for review and the supporting argument.").

Next, Maxwell filed with the BIA a motion to reconsider, relying on Padilla v.

Kentucky, 130 S. Ct. 1473 (2010), wherein the Supreme Court held that counsel's

performance falls below an objective standard of reasonableness if he does not advise the

defendant of the immigration consequences of a guilty plea. On January 25, 2012, the

BIA denied the reconsideration motion, holding that Maxwell's conviction remained final

for immigration purposes because it had not been overturned in post-conviction relief

proceedings. Maxwell filed a pro se petition for review. The Government moved to

dismiss the petition for review for lack of jurisdiction.

Initially, we note that the petition for review is timely as to only the BIA's January

25, 2012 denial of the motion for reconsideration.[2] See INA § 242(b)(1) [8 U.S.C.

§ 1252(b)(1)] (providing that a petition for review must be filed within 30 days of entry

of a challenged order); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006)

(holding that the time limit for filing a petition for review is mandatory and

jurisdictional); see also Stone v. INS, 514 U.S. 386, 395 (1995) (stating that the filing of

a motion to reconsider does not toll the time for filing a petition for review). In addition,

we generally do not have jurisdiction to review final orders of removal against aliens, like

_____

[2] We cannot review the BIA's orders of December 1, 2011 (affirming the denial of
asylum and related relief), or December 23, 2011 (denying request to adjust bond
conditions, see supra note 1). Therefore, to the extent that Maxwell complains about the
IJ's "decision to prevent further continuances," the determination that he was ineligible
for asylum and withholding of removal, and the conclusion that he was not entitled to
protection under the CAT, we lack jurisdiction to entertain those claims. In addition, as
the Government argues, Maxwell failed to exhaust any claim that the IJ should have
granted a continuance so that he could collaterally attack his conviction. Sandie v. Att'y
Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009) (holding that "we are without jurisdiction . . .

3

Maxwell, who are deemed removable for having committed an offense covered in INA § 212(a)(2). See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. Nevertheless, we may review "constitutional claims or questions of law" raised in a petition for review. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

We read Maxwell's brief as raising a constitutional claim that the Board violated his due process rights by denying reconsideration in light of his ongoing pursuit of post-conviction relief from the conviction which formed the basis for removability. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (recognizing that pro se pleadings should be construed liberally). Although our review of constitutional claims is plenary, McAllister, 444 F.3d at 185, we review the denial of a motion to reconsider for an abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The Board's decision is entitled to "broad deference." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, to succeed on the petition for review, Maxwell must demonstrate that the BIA's denial of reconsideration was somehow arbitrary, irrational, or contrary to law. Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008).

"[D]ue process challenges to deportation proceedings require an initial showing of substantial prejudice." Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (quoting Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997)). Maxwell has not demonstrated that he has been prejudiced. In his brief, Maxwell asserts that he is currently challenging his conviction in the New Jersey courts. Importantly, that challenge has no bearing on the

to decide issues where the alien has failed to exhaust all available remedies.").

4

conclusion that Maxwell is removable for having committed a crime involving moral turpitude. Indeed, the validity of Maxwell's conviction had not been overturned and the likelihood of success of Maxwell's post-conviction challenge is speculative. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008) (holding that the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes).

For the foregoing reasons, we will dismiss the petition for review in part, to the extent we lack jurisdiction, and deny it to the extent we have jurisdiction. In light of this disposition, the Government's motion to dismiss is denied as moot.