# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2013

No. 12-60311
Summary Calendar

Lyle W. Cayce
Clerk

IVAN SHCHELKUNOV,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 131 416

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Ivan Shchelkunov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order that denied his application for asylum and withholding of removal and protection under the Convention Against Torture (CAT) as well as his motion to remand. He claims that his deportation proceeding was conducted in violation of the Due Process Clause and the IJ's and that the BIA's findings that he was not persecuted on account of a protected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ground or that he does not have a well-founded fear of future persecution for purposes of asylum are not supported by substantial evidence.  When we review an order of the BIA, we consider the underlying decision of the IJ only to the extent it affected the BIA's ruling.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

In his petition to us, Shchelkunov does not challenge the denial of withholding of removal or protection under the CAT.  He has therefore waived any such challenges.  *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Shchelkunov contends that the IJ violated his Due Process rights by conducting the merits hearing in English and not using a Russian interpreter.  As Shchelkunov failed to exhaust his remedies before the BIA, we do not have jurisdiction to consider this issue.  8 U.S.C. § 1252 (d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Next, Shchelkunov asserts that his due process rights were violated because the record on appeal is incomplete and inadequate and thus prevents a fair review of his asylum application.  In his brief in support of his petition, however, Shchelkunov fails to identify specific, material facts that are missing from the transcript and would support his application (despite the fact that the missing portions of the transcript consist almost exclusively of his own testimony).  Neither does he point to a single argument that he was unable to make before the BIA or this court because of the incomplete transcript.  Thus, Shchelkunov has not identified how the "indiscernible" notations in the transcript substantially prejudiced his ability to perfect and present an appeal.  *See Anwar v. INS,* 116 F.3d 140, 144 (5th Cir. 1997) ("Due process challenges to deportation proceedings require an initial showing of substantial prejudice.").  Accordingly, he has not demonstrated a Due Process violation during the deportation proceeding.  *See id.*

The Attorney General has discretion to grant asylum to an alien who is a "refugee."  8 U.S.C. § 1158(b)(1).  A refugee is a person who is outside of his country and is "unable or unwilling to return 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)).  The alien has the burden of showing "some particularized connection" between the feared persecution and one of those five exclusive grounds.  *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

"Although we review the legal conclusions of the BIA and the IJ de novo, . . . we review their factual findings for substantial evidence." *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006).  Under the substantial evidence standard, "reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it.'" *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).  "The alien bears the burden of proving the requisite compelling nature of the evidence." *Majd*, 446 F.3d at 594.

The evidence in this record does not compel a conclusion different from that reached by the BIA and the IJ.  Assuming arguendo that the act of whistle blowing can constitute political activity sufficient to form the basis of persecution on account of political opinion, Shchelkunov has failed to show that the evidence compels a conclusion that the purported corruption was inextricably intertwined with governmental operation.  *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).  Moreover, the evidence does not compel a finding that Shchelkunov was persecuted because he blew the whistle on his alleged persecutors.  Rather, it supports a conclusion that the persecution, if any, was based on a personal dispute. Additionally, at the merits hearing, Shchelkunov testified that he resided in Russia for nine months following the incidents of which he complains without his experiencing any harassment.  Thus, a reasonable factfinder would

not be compelled to find that Shchelkunov has a well-founded fear of future persecution. *See Jukic*, 40 F.3d at 749. Accordingly, Shchelkunov did not make the showing required to establish eligibility for asylum. *See id.*

The petition for review is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION.