**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1438
_____

JOSE ORLANDO TITO VERDI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-753-310)
Immigration Judge:  Honorable Leo Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: July 2, 2014)
_____

OPINION
_____

PER CURIAM

Jose Orlando Tito Verdi petitions for review of a final order of removal.  For the

following reasons, we will deny the petition.

Verdi, a native and citizen of Peru, entered the United States in 2006 and

overstayed his visa.  The Government started removal proceedings on that basis in 2013.

See 8 U.S.C. § 1227(a)(1)(B). Verdi chose to represent himself in the proceedings after being advised by the Immigration Judge (IJ) of his rights and receiving a list of legal service providers.[1] Administrative Record ("A.R.") at 64-65. Verdi conceded that he was removable as charged and did not apply for any relief. In addition, Verdi did not identify any potential grounds for relief after being questioned by the IJ. He testified that: (1) he had not been mistreated in Peru and did not fear returning there; (2) he is not married and has no children; (3) no petition had ever been filed on his behalf; and (4) his parents have no legal status in the United States. Id. at 67-68. After Verdi testified that he had been assaulted by thieves and the police in the United States, the IJ asked if he had cooperated in any investigation or prosecution, and Verdi testified that he had not. Id. at 68-69. At that point, the IJ noted that Verdi appeared to be eligible only for voluntary departure, but Verdi declined because he could not accomplish the necessary steps. Id. at 69, 72-73. Ultimately, the IJ found Verdi removable based on his factual admissions and concession of removability. The IJ ordered Verdi's removal, concluding that he was not eligible for any form of relief, including a U visa.

On appeal to the Board of Immigration Appeals ("BIA"), Verdi asked for his removal to be cancelled and his case remanded to a state court because he believed that his immigration proceedings had been "rushed" due to state police officers fearing that he

---

[1] The proceedings were continued for Verdi to obtain counsel, but he never did.

would file a lawsuit against them. The BIA concluded that the allegation was not germane to removability or relief therefrom and affirmed the IJ's decision because Verdi had not satisfied his burden to establish eligibility for relief. The present petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA issues its own decision on the merits, we review that decision and consider the IJ's ruling "only insofar as the BIA deferred to it." Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We review the agency's factual findings for substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003). This is a deferential standard, and the "BIA's determination will not be disturbed unless any reasonable adjudicator would be compelled to conclude to the contrary." Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (internal quotation marks omitted).

Verdi was charged with being removable under 8 U.S.C. § 1227(a)(1)(B) for staying in the United States longer than permitted by his visa. During the immigration proceedings, Verdi admitted that he: (1) is a native and citizen of Peru; (2) was admitted to the United States as a temporary visitor in 2006 with authorization to remain until May 4, 2007; and (3) remained in the United States after that date without authorization. He also conceded that he was removable as charged. Verdi has not challenged this determination. We conclude that substantial evidence supports the determination that Verdi is removable pursuant to 8 U.S.C. § 1227(a)(1)(B) .

As for relief from removal, the burden of proof to establish eligibility for it rests upon the alien. See 8 U.S.C. § 1229a(c)(4). In this case, Verdi did not apply for relief. Nor did he establish any potential basis for it through his testimony, despite the IJ's inquiries on the subject. Accordingly, we conclude that substantial evidence supports the determination that Verdi did not establish eligibility for relief from removal.

On appeal, Verdi raises a due process challenge to aspects of the immigration proceedings. He contends that his rights were violated when: (1) immigration proceedings were initiated before "his criminal case was resolved;" (2) the IJ failed to find out why he could not meet the conditions for voluntary departure; and (3) the IJ failed to advise him of his right to a U visa.[2] To the extent that Verdi argues that he was deprived of a fundamentally fair hearing, we conclude that the claim fails because he has not demonstrated that he was substantially prejudiced. See, e.g., Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) ("'[d]ue process challenges to deportation proceedings require an initial showing of substantial prejudice'") (quoting Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997)).

Regarding the first claim, Verdi states that the "outcome of his criminal case will impact his eligibility for relief in his immigration proceedings," apparently asserting a

_____

[2] Verdi did not raise these claims before the BIA and they are thus not exhausted. However, due process claims are generally exempt from the exhaustion requirement, and we will review de novo the question of whether Verdi's rights were violated. See Mudric v. Att'y Gen., 469 F.3d 94, 98 (3d Cir. 2006).

right to defer the immigration proceedings on that basis. Verdi does not explain his criminal case, its status, or how it could possibly affect his eligibility for relief. Furthermore, we note that Verdi was found removable for overstaying his visa, not for a criminal conviction. There is no apparent connection between those proceedings and the immigration proceedings. He thus fails to establish any prejudice flowing from the timing of his immigration proceedings.

As for Verdi's claim that the IJ violated his rights by failing to ascertain why he could not meet the conditions for voluntary departure, he cites no authority for the proposition that the IJ had a duty to undertake such an inquiry. That is not surprising, given that the burden is on the alien to establish eligibility for relief, as noted earlier Furthermore, Verdi declined to apply for voluntary departure and has never claimed that he could meet the eligibility criteria. On the contrary, his argument is premised on his inability to meet the criteria, which completely undermines any ability to show prejudice from the alleged violation of his rights.

Finally, Verdi claims that the IJ did not advise him of his right to a U visa. Verdi had no "right" to such a visa, and indeed, did not establish eligibility. Eligibility for a U visa is generally predicated on assisting law enforcement with the investigation or prosecution of a crime. See 8 C.F.R. § 214.14(b). Verdi testified that he had not provided such assistance when questioned by the IJ. As he was not eligible for a U visa,

5

there was no reason for the IJ to advise him about it and no prejudice from the failure to do so.[3]

For these reasons, we will deny the petition for review.

---

[3] The authority cited by Verdi in support of this claim, 8 C.F.R. § 1240.11 and decisions from the Ninth Circuit, do not affect this analysis. The decisions are not binding on this Court, and neither they nor the regulation concern U visas or situations where there was no potential eligibility for such relief.