# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

JOSE ARDUENGO-RIVERA, also known as Jose Arduengo Rivera,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 075 883

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Arduengo-Rivera petitions for review of a dismissal by the Board of Immigration Appeals (BIA) of his appeal of the denial of his motion for a continuance. He contends that the denial of his motion was an abuse of discretion. He also contends that the immigration judge (IJ) violated his due process rights during his removal hearing. Because the BIA's decision was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60484

based on the IJ's decision, we will consider both in this case. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

"The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). To establish good cause, "an alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable to the alien." *Matter of Sibrun*, 18 I&N Dec. 354, 356 (BIA 1983). The alien must also show that "the denial caused him actual prejudice and harm and materially affected the outcome of his case." *Id.* at 356-57.

The BIA's determination that the IJ properly denied Arduengo-Rivera's continuance request is supported by the record, which establishes that Arduengo-Rivera moved for a continuance solely because his attorney was not prepared to take witness testimony or present evidence regarding the date and manner of Arduengo-Rivera's entry into the United States. Arduengo-Rivera's lack of diligence constituted a reasonable basis for the IJ to deny the continuance motion. *See Sibrun*, 18 I&N Dec. at 356. Even if the IJ had granted the continuance, Arduengo-Rivera's request for adjustment of status to that of a person admitted for permanent residence would have nevertheless failed in light of both his failure to apply for adjustment of status and his concession that his prior narcotics conviction rendered him statutorily ineligible for such relief. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II), § 1255(a); *see also Matter of Sanchez-Sosa*, 25 I&N Dec. 807, 815 (BIA 2012) (holding that, as a general rule, an alien who is unlikely to be granted relief should not be permitted to engage in dilatory tactics to forestall the conclusion of removal proceedings).

No. 14-60484

Arduengo-Rivera's due process argument, which we review de novo, is equally without merit. An alien raising a due process argument must first show substantial prejudice. *Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). Because Arduengo-Rivera was not eligible for adjustment of status as a result of his failure to file an application and his prior narcotics conviction, he has failed to establish actual prejudice. *Id.*

Arduengo-Rivera's petition for review is DENIED. His motion to hold these proceedings in abeyance is also DENIED.