# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

ARNOLD MAKORI MOCHABO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 841 228

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Arnold Makori Mochabo, a native and citizen of Kenya, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ's) denial of his application for adjustment of status under 8 U.S.C. § 1255. Mochabo argues that the IJ's finding that he made a false claim to citizenship to obtain employment, which rendered him inadmissible and ineligible for adjustment of status, is not supported by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60533

substantial evidence and that the BIA's rejection of his due process claims is legal error.

This court reviews the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's legal conclusions are reviewed de novo, and its findings of fact are reviewed under the substantial evidence test. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Under the substantial evidence standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis and alteration in original). Whether Mochabo falsely claimed U.S. citizenship in order to obtain employment is a factual finding reviewed for substantial evidence. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

The evidence does not compel a conclusion contrary to that reached by the IJ and BIA regarding Mochabo's ineligibility for adjustment of status. Because Mochabo does not argue that he suffered substantial prejudice, his due process claims fail as a matter of law. *See Loden v. McCarty*, 778 F.3d 484, 501-02 (5th Cir. 2015); *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).

Accordingly, the petition for review is DENIED.