# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60823
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

JUAN GARCIA SALAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 142 287

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Garcia Salas, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for change of venue, asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Regarding the change of venue, the IJ determined that there was no good cause to grant the motion. The BIA found

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60823

that there was no prejudice to Garcia Salas resulting from the denial of that motion.  In rejecting his claims on the merits, the BIA and IJ both found (1) that Garcia Salas did not establish that he was persecuted on account of his membership in a social group and (2) that there was no evidence he would be tortured with the acquiescence of a Mexican government official if returned to Mexico.

Garcia Salas first asserts that the BIA did not rule on his motion to remand and change venue.  While the BIA did not formally deny the motion to remand, the order dismissing the appeal clearly indicates that the BIA found no prejudicial error in the IJ's denial of the request to transfer venue.  Thus, Garcia Salas received full and fair consideration of his request.  *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004).

Regarding the denial of the motion to change venue, Garcia Salas argues that his due process rights were denied because he was not allowed the opportunity to have his claim for derivative relief heard.  Garcia Salas was not denied notice, hearing, or an appeal.  *See Zhang v. Gonzales*, 432 F.3d 339, 346 (5th Cir. 2005).  As noted by the BIA, Garcia Salas's claim was based on the same facts giving rise to the claim raised by his wife.  Moreover, even if there was a due process violation, Garcia Salas cannot show that the due process violation resulted in substantial prejudice.  *See Anwar v. I.N.S.*, 116 F.3d 140, 144-45 (5th Cir. 1997).

Garcia Salas argues that the BIA and IJ erred in finding that he failed to show that he was persecuted on account of membership in a social group. He also asserts that the BIA and IJ erred in determining that he failed to show that it was more likely than not that he would be subjected to torture if returned to Mexico.

No. 16-60823

We "review only the BIA's decision, . . . unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

The threat Garcia Salas received does not show that he was persecuted on account of his membership in a particular social group; rather any persecution faced by Garcia Salas and his family was based upon a personal vendetta. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). The BIA's and the IJ's decisions that Garcia Salas was not entitled to asylum are supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 518. Because Garcia Salas fails to show that he is entitled to relief in the form of asylum, he cannot establish entitlement to withholding of removal, which requires a higher burden of proof. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Further, the record does not show that it was more likely than not that Garcia Salas would be tortured by or with the acquiescence of a Mexican government official if returned to Mexico; the BIA and IJ did not err in determining that he is not entitled to protection under the CAT. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

Garcia Salas's petition for review is DENIED.