# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2019

Lyle W. Cayce
Clerk

No. 18-60639
Summary Calendar

JOSE DAVID CHAVEZ-CRUZ, also known as Sam David Chavez Cruz,

Petitioner

v.

WILLIAM P. BARR, U.S. Attorney General,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 299 717

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jose David Chavez-Cruz, a native and citizen of Honduras, petitions this court to review the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order denying his applications for withholding of removal and for protection under the Convention Against Torture (CAT). Chavez-Cruz has not challenged on appeal the BIA's decision not to review his unexhausted claims that he is entitled to withholding of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal because he was persecuted based on his father's nationality and his own political opinion. Thus, he abandoned any argument that he exhausted those claims, and this court lacks jurisdiction to review the unexhausted claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

This court reviews the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "Questions of law are reviewed de novo," and "[f]actual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Id.* (internal quotation marks and citations omitted). Under the substantial evidence standard, the court may reverse the ruling only if "the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

The substantial evidence in the record supports the BIA's determination that Chavez was not prejudiced by the use of the English language during the immigration proceedings and, therefore, Chavez was not deprived of due process. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). The record also supports the BIA's determination that Chavez failed to make the showing required by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), that is required to establish a claim of ineffective assistance of counsel.

Additionally, the substantial evidence in the record and our precedent support the finding by the BIA that the IJ did not clearly err in determining that Chavez failed to demonstrate that a group made up of persons that oppose gang membership are members of a particular social group entitled to protection under the immigration laws. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir.

2014).   Further, the substantial evidence in the record supports the BIA's determination that the IJ did not clearly err in finding that Chavez failed to demonstrate that it was more likely than not that he will be tortured by an act of the Honduran government or with its acquiescence if he returns to Honduras.  *See Garcia,* 756 F.3d at 891.

A determination whether Chavez failed to show that he could not safely relocate to another area of Honduras is not necessary to determine the disposition of this appeal and, thus, the issue will not be addressed.  *See INS v. Bagamasbad,* 429 U.S. 24, 25 (1976).  The petition for review is DENIED.