# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2020

Lyle W. Cayce
Clerk

No. 19-60607
Summary Calendar

Reynaldo Asiel Selles Illas,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 734 242

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Reynaldo Asiel Selles Illas, a native and citizen of Cuba, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing an appeal from an order of the immigration judge denying his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, "reversal is improper" unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

In this case, Selles Illas has not met this standard. As to asylum and past persecution, the BIA found that Selles Illas failed to establish that any harm he suffered in Cuba rose to the level of persecution. We hold that the evidence does not compel a contrary conclusion. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004). As to asylum and any well-founded fear of future persecution, the BIA found that Selles Illas failed to demonstrate that there existed a reasonable probability that he would suffer harm rising to the level of persecution were he to return to Cuba. Selles Illas has failed to adequately brief any challenge to the BIA's finding in this regard; accordingly he has abandoned the issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In light of the foregoing, Selles Illas has not shown error in connection with his asylum claim. *See Chen*, 470 F.3d at 1134.

As to withholding of removal, Selles Illas has failed to adequately brief any challenge to the BIA's finding that he is not entitled to relief on his application for withholding of removal, and, accordingly, he has abandoned any such challenge. *See Soadjede*, 324 F.3d at 833. Additionally, his CAT claim fails because he does not show that the evidence compels the

conclusion, contrary to the BIA's findings, that it is more likely than not that he will be tortured if he is removed to Cuba. *See Chen*, 470 F.3d at 1134; *Majd*, 446 F.3d at 595.

Selles Illas also argues that his due process rights were violated when he was denied a full and fair hearing on his claims for relief. To prevail on his due process claims, Selles Illas is required to make an initial showing of substantial prejudice. *Anwar v. INS.*, 116 F.3d 140, 144 (5th Cir. 1997). As to Selles Illas's claim that he was denied due process when the immigration judge gave less than full credibility to certain translated emails and failed to properly consider his evidence of country conditions, Selles Illas has failed to show the requisite prejudice. *See id.*

As to his due process argument that the immigration judge misinterpreted his testimony and had a "mistaken and unsupported belief" about Cuban law, Selles Illas raises this argument for the first time in his petition for review. Although he couches this claim of error in terms of a due process violation, it was a procedural error correctable by the BIA that is subject to the exhaustion requirement. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Because Selles Illas did not present this claim to the BIA, we lack jurisdiction to review it. *See id.*; *see also Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Finally, though Selles Illas argued to the BIA that the immigration judge had violated his due process rights when he "cut off" his counsel's questioning, he fails to challenge in his petition the BIA's finding that the immigration judge did not "improperly exclude testimony" or that Selles Illas was not otherwise prejudiced. Accordingly, Selles Illas has abandoned any such challenge. *See Soadjede*, 324 F.3d at 833.

Selles Illas's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.