# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2021

Lyle W. Cayce
Clerk

No. 20-60046
Summary Calendar

Keita Pathe,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 520 440

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Keita Pathe, a native and citizen of Guinea, petitions us for review of a decision of the Board of Immigration Appeals. The Board upheld a negative credibility finding made by the Immigration Judge and rejected Pathe's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60046

asylum and due process claims.  Pathe alleged a mob killed his partner and that he faced the same fate if removed.

We grant deference to an Immigration Judge's credibility determination.  *Wang v. Holder*, 569 F. 3d 531, 536-38 (5th Cir. 2009).  A credibility finding is proper if based on "*any* inconsistency or omission . . . as long as the totality of the circumstances" supports the finding.  *Id.* at 538.  Pathe provided explanations for the inconsistences in testimony but the Immigration Judge and Board are not required to accept those explanations.  *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).  Pathe had the burden of producing corroborating evidence and did not do so.  *Avelar-Oliva v. Barr*, 954 F.3d 757, 770-71 (5th Cir. 2020).  Without corroborating evidence, we are not compelled to reject the conclusions of the Immigration Judge and Board in favor of the explanations Pathe provides about the negative credibility factors.  *See Avelar-Oliva,* 954 F.3d at 770-71; *Rui Yang v. Holder*, 664 F.3d 580, 585-87 (5th Cir. 2011).  Argument regarding the merits of Pathe's asylum claims is precluded by a lack of credible evidence.  8 U.S.C. § 1158(b)(1)(B); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

We are not compelled to find that Pathe's due process rights were violated because substantial prejudice has not been established.  *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).  Additionally, there is no evidence the Immigration Judge acted incorrectly when considering his general duty to develop the record and testimony as well as the lack of a mandate to act as an advocate.  *Arteaga v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020).

We decline to take notice of the motion to reopen that was denied by the BIA because that motion to reopen is not properly before this court.

The petition for review is DENIED.  The motion to take judicial notice of Pathe's motion to reopen is also DENIED.